RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 04/06/2009

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | |
|---|---|
| THOMAS JERMAINE BEVERLY<br>Fed. Reg. No. 10802-035 | DOCKET NO. 2:00-CR-20084 |
| VS. | SECTION P |
| UNITED STATES OF AMERICA | CHIEF JUDGE HAIK |

## REASONS FOR JUDGMENT AND JUDGMENT

Thomas Jermaine Beverly filed the instant Motion to Vacate Sentence pursuant to 28 U.S.C. §2255 on July 27, 2006. [rec. doc. 437] On March 13, 2008 and April 17, 2008 he filed Motions for Retroactive Application of Sentencing Guidelines pursuant to 18 U.S.C. §3582. [rec. docs. 462, 463, 467] On October 22, 2008, the undersigned directed the government to respond to Beverly's Motion to Vacate and his Motions for Retroactive Application of the Sentencing Guidelines. [rec. doc. 473] On November 6, 2008, the government complied with that order and submitted a Sentencing Memorandum which addressed the merits of the Motion for Retroactive Application of the Sentencing Guidelines [rec. doc. 474][1] and a response and memorandum in opposition to the Motion to Vacate. [rec. doc. 475] On December 2, 2008, petitioner, by letter, requested an opportunity to respond to the government. [rec. doc. 476] The Court construed the letter as a Motion for an Extension of Time to Respond to the Government and on January 15, 2009 granted Beverly an additional period of 30 days within which to respond to the government's answer to his §2255 Motion. [rec. doc. 477] More than 30 days have now elapsed and Beverly has not responded to the government's response.

---

[1] The Court denied his Motion to Reduce Sentence on February 10, 2009. [rec. doc. 480]

## *Statement of the Case*

Beverly pled guilty to count one of an indictment charging him with conspiracy to distribute cocaine, cocaine base and marijuana. [rec. docs. 251-255] On March 29, 2002 he was sentenced to 262 months imprisonment. [rec. doc. 329] On March 31, 2003 the sentence was amended to provide that the federal sentence run concurrently with state sentences. [rec. doc. 350]

On July 27, 2006 Beverly filed the instant Motion to Vacate in which he argued that his due process rights were violated when the government breached the plea agreement by not informing the Court of petitioner's assistance and cooperation. [rec. doc. 437]

## *Law and Analysis*

Title 28 U.S.C. §2255 provides a 1-year statute of limitations which is generally reckoned from "... the date on which the judgment of conviction becomes final..." See 28 U.S.C. §2255(f).[2] Beverly did not appeal and therefore his conviction became final 10 days after the relevant judgment was entered. The latest appealable judgment was entered on March 31, 2003 [rec. doc. 350] and therefore Beverly had until on or about April 14, 2003 to file a notice of appeal. His judgment of conviction and sentence became final on that date because by that time his "... options for further direct review [were] foreclosed." See *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000). Beverly thus had one year from April 14, 2003, or until April 14, 2004 to file his §2255 Motion. As shown above, he waited until July 2006 to file the instant Motion and

---

[2] The statute provides for other dates of reckoning – the date on which government created impediments were removed, the date on which the Supreme Court recognized the right asserted and made that right retroactively applicable, or the date on which the facts supporting the claim could have been discovered by the exercise of due diligence (see §2255(f)(2), (3), and (4)) – however, nothing in the instant motion suggests that limitations should be reckoned from any date other than the date that the judgment became final.

2

therefore it is untimely.

Considering the foregoing,

Thomas J. Beverly's Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 [rec. doc. 437] is **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2255(f)(1).

In Chambers, Lafayette, Louisiana _____April 3rd_____, 2009.

_____
RICHARD T. HAIK, SR.
**CHIEF JUDGE**

COPY SENT
DATE 4/6/09
BY: PO
TO: DH
MB