RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/19/09
GB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| THOMAS JERMAINE BEVERLY<br>Fed. Reg. No. 10802-035 | DOCKET NO. 2:00-CR-20084 |
| VS. | SECTION P |
| UNITED STATES OF AMERICA | CHIEF JUDGE HAIK |

## REASONS FOR JUDGMENT AND JUDGMENT

Thomas Jermaine Beverly filed the instant Motion to Vacate Sentence pursuant to 28 U.S.C. §2255 on July 27, 2006. [rec. doc. 437] On March 13, 2008 and April 17, 2008 he filed Motions for Retroactive Application of Sentencing Guidelines pursuant to 18 U.S.C. §3582. [rec. docs. 462, 463, 467]

On October 22, 2008, the undersigned directed the government to respond to Beverly's Motion to Vacate and his Motions for Retroactive Application of the Sentencing Guidelines. [rec. doc. 473] On November 6, 2008, the government complied with that order and submitted a Sentencing Memorandum which addressed the merits of the Motion for Retroactive Application of the Sentencing Guidelines [rec. doc. 474][1] and a response and memorandum in opposition to the Motion to Vacate. In this latter pleading the government argued that Beverly's §2255 Motion was untimely filed since it was filed more than 1 year after Beverly's conviction became final. [rec. doc. 475]

On December 2, 2008, petitioner, by letter, requested an opportunity to respond to the government. [rec. doc. 476] The Court construed the letter as a Motion for an Extension of Time to Respond to the Government and on January 15, 2009 granted Beverly an additional period of

---

[1] The Court denied his Motion to Reduce Sentence on February 10, 2009. [rec. doc. 480]

30 days within which to respond to the government's answer to his §2255 Motion. [rec. doc. 477] Thereafter, on February 6, 2009 Beverly responded to the government's answer arguing that limitations in his case should be reckoned as provided in §2255(f)(2), "...the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action..." or as provided in §2255(f)(4), "... the date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence..."[2]

## Statement of the Case

Beverly pled guilty to count one of an indictment charging him with conspiracy to distribute cocaine, cocaine base and marijuana. [rec. docs. 251-255] On March 29, 2002 he was sentenced to 262 months imprisonment. [rec. doc. 329] On March 31, 2003 the sentence was amended so that the federal sentence could run concurrently with state sentences. [rec. doc. 350]

On July 27, 2006 Beverly filed the instant Motion to Vacate in which he argued that his due process rights were violated when the government breached the plea agreement by not informing the Court of petitioner's assistance and cooperation. He also argued that this amounted to a breach of the plea agreement. [rec. doc. 437]

## Law and Analysis

### 1. Time-bar

Title 28 U.S.C. §2255 provides a 1-year statute of limitations which is generally reckoned

---

[2] Beverly's reference to §2255(f)(4) is incomprehensible. He alleges NO recently discovered new facts which would entitle him to relief. To the extent that he relies on the recently enacted provisions of 18 U.S.C. §3582(c)(2) (which authorizes sentence reductions in certain crack cocaine cases) his reliance is misplaced. The Court has already denied such relief [rec. doc. 480] for the reasons set forth in the Government's Sentencing Memorandum [rec. doc. 474] in that Beverly possessed more than 4.5 kilograms of cocaine base and therefore he is not eligible for sentence reduction. Beverly has offered no reason to revisit this order.

from "... the date on which the judgment of conviction becomes final..." See 28 U.S.C. §2255(f). Beverly did not appeal and therefore his conviction became final 10 days after the relevant judgment was entered. The latest appealable judgment – the judgment amending the sentence to make it concurrent with State sentences – was entered on March 31, 2003 [rec. doc. 350] and therefore Beverly had until on or about April 14, 2003 to file a notice of appeal.

Beverly's judgment of conviction and sentence became final on April 14, 2003 because by that time his "... options for further direct review [were] foreclosed." See *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000). If the period of limitations is reckoned from the date of finality of judgment, Beverly had one year from April 14, 2003, or until April 14, 2004 to file his §2255 Motion.

Beverly maintains that the period of limitations should be reckoned from "... the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States, is removed, if the Movant was prevented from making a motion by such governmental action..."

In support of this claim Beverly argues that he was in a Louisiana jail until July 10, 2004 and therefore did not have access to "... Federal Case Law or even a Law Library..."[3] [rec. doc.

---

[3] The Fifth Circuit has recognized that, in limited circumstances, the government's failure to maintain an adequate law library could result in an "impediment" under a provision similar to the provision relied upon by Beverly. See *Egerton v. Cockrell*, 334 F.3d 433 (5th Cir.2003). The Fifth Circuit ultimately held that an inadequate prison library which did not contain copies of the AEDPA statutes defining the limitations period for filing *habeas* petitions, could constitute an impediment that would toll the one-year limitations period under certain limited circumstances. *Id.* at 438-39. The *Egerton* court also distinguished the case before it from various other cases in which the Fifth Circuit had held that the lack of an adequate prison library would not result in statutory or equitable tolling. *Id.* at 437-438. Notably, the Egerton court referred repeatedly to the government's complete failure on remand to produce any evidence showing the federal statute was present in the prison library. *Id.* at 436, 438. This case is distinguishable from *Egerton* because Beverly has never alleged that he was unaware of the limitations period. Nevertheless, he will be afforded the benefit of the doubt and as is shown hereinafter, the limitations period will be calculated in accordance with the provisions of §2255(f)(2).

3

On July 10, 2004 Beverly was transferred to the Federal Corrections Center in Beaumont, Texas. He had access to a law library and to federal law at that institution, however, the institution was "locked down" until January 2005 thus allegedly depriving Beverly of access to the institution's law library. Thereafter, in September 2005, hurricanes forced the evacuation of FCC Beaumont. Beverly was transferred to the United States Penitentiary at Leavenworth, Kansas, however his "paperwork" was lost in transit and he did not complete his §2255 Motion until July 2006. Beverly argues that government "impediments" were not removed until September 2005 and therefore, his one-year period of limitations did not expire until September 2006, thus making his July 2006 filing timely.

Beverly is mistaken in his calculations. By his own admission, government impediments were removed in January 2005 when FCC Beaumont's lock-down status terminated and petitioner was afforded access to a federal law library. Thereafter, he can point to no unlawful government action which impeded the filing of his collateral attack. Therefore, he had one-year, or until January 2006 at the latest to file his Motion. In other words, even if Beverly is afforded the benefits of statutory tolling pursuant to §2255(f)(2), his Motion to Vacate filed in July 2006 is untimely and subject to dismissal on that basis.

## 2. Procedural Default of Sentencing Claims

Further, even if Beverly's Motion was not time-barred, he would still not be eligible for relief pursuant to §2255. Beverly was clearly aware of the facts supporting his claim for relief when the original sentence was imposed and again when the sentence was amended, yet he failed to raise these claims on appeal. The failure to raise a claim on appeal generally results in a

waiver of the claim. *United States v. Frady*, 456 U.S. 152, 162-66 (1982). Beverly has waived his claims of sentencing error and those claims are now considered defaulted. See *United States v. Seyfert*, 67 F.3d 544 (5th Cir. 1995). In order to obtain collateral review, he must show "cause" for his default and "actual prejudice" resulting from the alleged error. *Id.* at 170-171; *United States v. Shaid*, 937 F.2d 228 at 232.(5th Cir. 1991).). The only possible "cause" that can be imagined is ineffective assistance of counsel – however, Beverly has never alleged or implied such a claim. Further, even if he could show cause for his default, he could never show prejudice since, as is shown below, his claims lack any basis in law or fact.

In short, Beverly's claims are procedurally defaulted and subject to dismissal on that account.

### 3. Merits of the Claims

Finally, the entire premise of Beverly's Motion is refuted by the law and evidence. Beverly claims his sentence is unconstitutional because the government "... refused to file a downward departure..." and thus breached the "... contract of plea agreement..." [rec. doc. 437] To the contrary, the plea agreement stipulated that "[t]he United States <u>may, but shall not be required, make a motion pursuant to §5k1.1 of the United States Sentencing Guidelines</u>, Rule 35(b) of the Federal Rules of Criminal Procedure or Title 18 U.S.C. §3553(e), <u>requesting the Court to depart downward in the event the defendant provides 'substantial assistance.'</u> This decision shall be in the <u>sole and non-reviewable discretion of the United States Attorney</u>." [See Plea Agreement at rec doc. 254 at p. 2]

Thus, under the terms of the plea agreement, the government retained the power, but not the duty to request downward departure. In short, the Government did not breach the plea

5

agreement and Beverly's claim is without any basis in fact or law. Compare *United States v. Garcia-Bonilla*, 11 F.3d 45 (5th Cir. 1993); *United States v. Price*, 95 F.3d 364 (5th Cir. 1996).

*4. Conclusion and Judgment*

Even if Beverly is afforded the benefit of the doubt, his §2255 Motion is untimely and subject to dismissal on that basis. Further, Beverly failed to raise his sentencing claims on appeal and in the absence of a showing of cause and prejudice, the claims are subject to dismissal as procedurally defaulted. Finally, since the claims are without any basis in fact or law, the Motion is subject to dismissal on the merits.

Therefore, considering the foregoing,

Thomas J. Beverly's Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 [rec. doc. 437] is **DENIED** and **DISMISSED WITH PREJUDICE**.

In Chambers, Lafayette, Louisiana _May 18th_, 2009.

_____
RICHARD T. HAIK, SR.
**CHIEF JUDGE**